UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. RALPH SLAUGHTER | CIVIL ACTION |
| VERSUS | |
| HONORABLE KATHLEEN BLANCO, ET AL. | NO: 07-00379-BAJ-RLB |

## RULING AND ORDER

Considering the **Motion for Relief from Final Judgment under Rule 60(b) (Doc. 179)**, filed by Plaintiff, Dr. Ralph Slaughter, for the following reasons, the Motion was **DENIED** at the hearing on the Motion held on May 17, 2017. (Doc. 202).

Federal Rules of Civil Procedure Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60. The Court of Appeals for the Fifth Circuit has recognized that "[a] district court is provided wide discretion in determining whether a Rule 60(b) motion is filed within a reasonable time." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 n. 5 (5th Cir. 2014). The facts of each case determines whether a motion is timely. *Shoemaker v. Estis Well Svc., LLC.*, 122 F. Supp. 3d 493, 516 (E.D. La. 2015) (citing *McKay*, 751 F.3d at 701, n. 5). More specifically, "in determining whether a motion has been filed within a reasonable time, the Fifth Circuit instructs that district courts should consider: (1) the interest in finality; (2) the reason for delay; (3) the practical ability of the litigant

1

to learn earlier of the grounds relied upon; and (4) prejudice to other parties." *Id.* (citing *Travelers v. Liljeberg Enterprises., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)).

Here, an analysis of these factors confirms that Plaintiff's multi-year delay in seeking to vacate the 2007 dismissal of his case is excessive and unjustified. Particularly, Plaintiff alleged that Tracie Woods' January 2010 letter to the Louisiana State Employees' Retirement System ("LASERS") breached the parties' settlement agreement. Yet, he waited until February 2017—more than seven years later—before filing a Rule 60(b)(6) motion. Even if Plaintiff was unaware of Defendant, Southern University's letter to LASERS until 2012 when LASERS informed Plaintiff that it recalculated his monthly retirement benefits due to an alleged error made by Southern University, he still waited almost five years to bring the present motion. At the hearing, Plaintiff was provided an opportunity to offer an explanation for the delay. In summary, Plaintiff explained that Southern University's breach of the agreement was not manifest until 2012, and since that time to the present, he has been in litigation with LASERS in an attempt to correct the results of the alleged breach. However, the Court concludes that Plaintiff's explanation was not a reasonable justification for his delay.

**IT IS ORDERED** that the **Motion for Relief from Final Judgment under Rule 60(b) (Doc. 179)** is DENIED.

Baton Rouge, Louisiana, this 13th day of March, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA